IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cr. No. C-06-638 (1) |
| | § | |
| MANUEL ANGEL CUELLAR, | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART MOTION FOR RECORDS AND DOCUMENTS**

Pending before the Court is a letter motion for copies of documents and transcripts, filed by Defendant Manuel Angel Cuellar and received by the Clerk on July 5, 2007. (D.E. 28.) In it, Defendant requests that the Court provide him with free copies of "all records, notes, [and] sentencing transcripts in his case." (D.E. 28 at 1.) He also asks for blank copies of an *in forma pauperis* application and a form for filing a motion pursuant to 28 U.S.C. § 2255. (D.E. 28.) He explains that he needs the documents and records in order to fully prepare his § 2255 motion. In response to his request, the Clerk has already mailed him a blank copy of a § 2255 form and an *ifp* application.

Assuming that Defendant could establish that he is indigent,[1] an indigent defendant has a statutory right to free court documents, including transcripts, in particular circumstances. See 28 U.S.C. § 753(f); United States v. MacCollum, 426 U.S. 317 (1976).

---

[1] Defendant has not yet submitted an affidavit of indigency, nor any financial information concerning his prison account or his financial condition. Because the Court resolves his motion on other grounds, it does not need to make a determination at this time as to whether Defendant is, in fact, indigent.

1

The defendant must establish, however, that the documents are needed to decide an issue in a pending suit and that the suit is not frivolous. 28 U.S.C. § 753(f).

Defendant was sentenced on January 11, 2007. (D.E. 24). Judgment of conviction was entered against him on January 19, 2007. (D.E. 24). He did not appeal and has not yet filed any post-conviction motions. Thus, he has no pending suit before the Court. Although he claims to need the transcripts in order to file a § 2255 motion, no such motion has yet been filed. Accordingly, he fails to meet the statutory requirements for free transcripts or documents. 28 U.S.C. § 753(f); see also United States v. Herrera, 474 F.2d 1049, 1049-50 (5th Cir. 1974) ("This Court has consistently held that a federal prisoner is not entitled to obtain copies of court records at the government's expense to search for possible defects merely because he is indigent.").

Thus, to the extent Defendant is seeking documents and transcripts at government expense, his motion is DENIED WITHOUT PREJUDICE. In the event that he files a § 2255 motion, he may then request again copies of specific documents or transcripts. The Court further notes that Defendant is not precluded from filing a § 2255 motion merely because he does not have transcripts from his case. Indeed, § 2255 motions are frequently filed without the benefit of transcripts.

If Defendant is interested in receiving specific transcripts or documents at his own expense prior to filing his § 2255 motion, he may contact the Clerk to request them. To that end, the Clerk is directed to provide Defendant with a copy of the docket sheet in his case, as well as instructions as to how to order transcripts or to purchase copies of records.

For the foregoing reasons, Defendant's motion is GRANTED insofar as he seeks copies of a blank § 2255 form and an *ifp* application, both of which have already been sent to him. His motion is DENIED WITHOUT PREJUDICE as to his request for free transcripts and other records in the case.

ORDERED this 24th day of August, 2007.

*Hayden Head*
HAYDEN HEAD
CHIEF JUDGE